```
 1                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
 2

 3    --------------------------------X
                                     :
 4    CINDY L. BREITMAN, Ph.D.,      :
                                     :  12-CV-6583 (PAC)
 5              Plaintiff,           :
                                     :
 6              v.                   :
                                     :  500 Pearl Street
 7    AFFILIATED COMPUTER SERVICES,  :  New York, New York
      INC., et al.,                  :
 8                                   :
                Defendants.          :  February 25, 2013
 9    --------------------------------X

10             TRANSCRIPT OF CIVIL CAUSE FOR MOTIONS
                 BEFORE THE HONORABLE PAUL A. CROTTY
11                 UNITED STATES DISTRICT JUDGE

12
      APPEARANCES:
13
      For the Plaintiff:        JUSTIN AARON KUEHN, ESQ.
14                              LAWRENCE P. EAGEL, ESQ.
                                Bragar, Eagel & Squire P.C.
15                              885 Third Avenue
                                New York, New York 10022
16

17    For the Defendants:       EDWARD KEVIN LENCI, ESQ.
                                Hinshaw & Culbertson LLP
18                              780 Third Avenue
                                New York, New York 10017
19

20

21
      Court Transcriber:        SHARI RIEMER
22                              TypeWrite Word Processing Service
                                211 N. Milton Road
23                              Saratoga Springs, New York 12866

24

25


      Proceedings recorded by electronic sound recording, transcript
      produced by transcription service
```

2

1          THE CLERK: Your Honor, this is the matter of <u>Cindy</u>
2   <u>L. Breitman on behalf of</u> --
3          THE COURT: Please be seated.
4          THE CLERK:  -- <u>herself and all others similarly</u>
5   <u>situated v. Affiliated Computer Services, Inc.</u>, Docket Number
6   12-CV-6583.
7          Counsel for plaintiff, please state your appearance.
8          MR. EAGEL:  Good afternoon, Your Honor.  Lawrence
9   Eagel, Bragar, Eagel & Squire and with me is Justin Kuehn on
10  behalf of the plaintiff, Cindy Breitman.
11         THE COURT: Mr. Eagel, Mr. Kuehn.
12         THE CLERK: For defendants.
13         MR. LENCI:  For the defendants, Xerox Education
14  Services and U.S. Bank, Edward Lenci of Hinshaw & Culbertston,
15  Your Honor.
16         THE COURT: Mr. Eagel, I see that you've amended your
17  complaint; correct?
18         MR. EAGEL: We have, Your Honor.
19         THE COURT: Mr. Lenci, do you still want to move to
20  dismiss; correct?
21         MR. LENCI: Yes, I do, Your Honor.
22         THE COURT: When can you make your motion?
23         MR. LENCI: If I can make it this week, Your Honor.
24         THE COURT: Okay.  Do you want to give me a date so
25  we can set a schedule?

3

1          MR. LENCI: Wednesday afternoon.

2          THE COURT: Wednesday the 27th?

3          MR. LENCI: Yes, Your Honor.

4          THE COURT: Okay.  Mr. Eagel, how much time to

5  respond?

6          MR. EAGEL: I think I'd like to do it by March 31st,

7  35 days I think would be --

8          THE COURT: Make it March 29th.  The 31st is a Sunday.

9          MR. EAGEL: Okay.  March 29th is fine.

10          THE COURT: That's holy week.  It's also Passover.

11          MR. EAGEL: Right.  Could we do it the following week

12  then?

13          THE COURT: Yes.

14          MR. EAGEL: Thank you.

15          THE COURT: I don't know which one you observe but in

16  case you observe either one --

17          MR. EAGEL: I do a little bit of both actually.

18          THE COURT: When do you want, Mr. Eagel?

19          MR. EAGEL: How about April 6th?

20          THE COURT: April 6th is a Saturday.  So make it April

21  5th.

22          MR. EAGEL: April 5th, thank you.

23          THE COURT: Mr. Lenci, your response -- can you do

24  your response in two weeks, the 17th?

25          MR. LENCI: I can.  April 17th would be ideal, Your

4

1  Honor, because I turn 50 on April 18th and I'd rather not have

2  this hanging over me that day.

3           THE COURT: All right.  You don't want to do it on

4  the 19th which is the day after your birthday.  So April 17th.

5           MR. LENCI: It will be the 17th, Your Honor.  That

6  will be more than enough time I think.

7           THE COURT: Now, what about the discovery?  Mr.

8  Eagel, do you want discovery in the interim?

9           MR. EAGEL: I do, Your Honor.  I would like to be

10 able to proceed with discovery.  We have previously served a

11 document request on counsel for the defendant.  We'd like the

12 document request responded to.  It may in fact relate to some

13 of the arguments that defendant raises in its motion.  We're

14 not sure exactly what the motion is going to entail.  I've

15 read -- it looks to me largely like a factual argument as to

16 what the terms and conditions were which I think are going to

17 ultimately be in dispute.  So we're going to have to proceed

18 in all events but I think regardless a response to documents

19 would be something we would like.

20           THE COURT: Mr. Lenci.

21           MR. LENCI: Your Honor, as I pointed out and I think

22 Eagel pointed out as well in his letter, under the pilot

23 program everything but --

24           THE COURT: I want to tell you about the -- I'll

25 share it in the privacy of this courtroom.

5

1          MR. LENCI: Okay, Your Honor.

2          THE COURT: There's way too many cases under the

3     pilot program that is designated as complex.  My own view is

4     you ought to turn over the 26, Rule 26 disclosures and I'll --

5     that will be enough to get you started.  If you do that I

6     think that's as far as I'm willing to go on Mr. Eagel's

7     request but that will give you a lot of material information

8     that may be helpful in disposition of the motion.

9          MR. LENCI: So I understand, Your Honor.  The 26(a)

10    initial disclosures is what you want us to produce.

11         THE COURT: That's correct.

12         MR. LENCI: Could I have two weeks, Your Honor?

13         THE COURT: Two weeks would bring it to -- give me a

14    date in March.

15         MR. LENCI: I don't have my calendar -- unfortunately

16    they confiscate my electronic calendar, Your Honor.

17         THE COURT: Okay.  So --

18         MR. LENCI: Two weeks from today.

19         THE COURT: Do you want to say by the 15th of March?

20         MR. LENCI: We're in the Ides of March, Your Honor,

21    absolutely.

22         THE COURT: Is that all right, Mr. Eagel?

23         MR. EAGEL: That's fine, Your Honor.  I would only

24    ask that if there are documents that the defendant intends to

25    identify or does identify in initial requests -- in his

6

1  initial disclosures that we get the production of those

2  particular documents so that we can have the benefit of those

3  documents.

4            THE COURT: Okay.

5            MR. LENCI: Your Honor, we'll comply with the initial

6  disclosures whether we produce documents or not.  We'll figure

7  that out.

8            THE COURT: Good.

9            MR. EAGEL: Your Honor, I guess I don't want to leave

10 here if we can clarify.  Is counsel saying when he's going to

11 comply with the initial disclosures does that mean that he's

12 going to not produce or he's going to produce?  I'm not

13 sure -- I'd like to if we can resolve that issue here it would

14 be something that would be helpful so we don't have to come

15 back and say --

16           THE COURT: I assumed you were going to make your

17 disclosures and you're going to produce your documents.

18           MR. LENCI: I produce documents that I can identify

19 where tons of documents are.

20           THE COURT: Correct.

21           MR. LENCI: Yes.

22           THE COURT: Listen, I have a case -- there's another

23 case that's been filed here involving Affiliated Computer

24 Services, a class action.

25           MR. LENCI: I'm aware of it, Your Honor.

7

1          THE COURT: I won't ask you, Mr. Eagel, if you're

2   aware of it but the -- here's the question --

3          MR. EAGEL: I'm aware of it, Your Honor.

4          THE COURT: The question for both of you is you deem

5   it to be a related case.

6          MR. LENCI: Based upon my knowledge of the facts of

7   it, Your Honor, no.

8          THE COURT: Why do you say it's different?

9          MR. LENCI: It doesn't make the same sorts of

10  allegations that Mr. Eagel is making.  Mr. Eagel is mostly

11  focusing on misapplied payments and skipped payments and also

12  these three benefits that they claim the plaintiff was

13  entitled to.  As I'm reading the amended complaint -- I mean

14  the complaint in the new Reynolds case, he's talking about an

15  amortization issue going back to when Signet Bank sold the

16  loan to Wells Fargo, Wachovia and then Wells Fargo.

17  Apparently he says that a different monthly rate should have

18  been applied at that point in time and then he apparently

19  called about a year and a half ago about it.  Again, I'm just

20  basing this very preliminarily, Your Honor.  He called about a

21  year and a half ago about it and there was some reduction in

22  his monthly payment entered into but then it was changed and

23  that's what he's claiming.  Just a very different -- same --

24  ACS is involved but not --

25          THE COURT: A substantially different issue?

8

1          MR. LENCI: Very different issues, Your Honor.

2          THE COURT: What do you have to say?

3          MR. EAGEL: I don't believe there -- there are

4   certain distinguish -- differences in the two claims but I do

5   believe that from what I know and I'm familiar with the case

6   that there are sufficient overlap or sufficient similar

7   allegations to where it would be a related case to this one.

8          THE COURT: Now, you have a bank in your case.  Who's

9   the bank in -- U.S. Bank --

10          MR. EAGEL: U.S. Bank is --

11          THE COURT: You have a different bank in this --

12          MR. LENCI: If I may, Your Honor, the new case, the

13   Reynolds case involves Wells Fargo.  It used to be Wachovia

14   and before that the initial lender was Signet Bank I

15   understand and Wachovia bought the loans from Signet Bank way

16   back in 1998.  In this case the initial lender was Nest

17   Student which as far as both of us can tell doesn't even exist

18   any more and at some point --

19          THE COURT: But you're the servicer on both?

20          MR. LENCI: Yes, there is -- the common factor is

21   ACS.  Xerox Education Services is the servicer of the loans

22   but again what Mr. Reynolds is claiming ACS did or didn't do

23   is very different from what Ms. Breitman is claiming ACS did

24   or didn't do.

25          MR. EAGEL: The common theme, Your Honor, is the --

9

1   is a) the misapplication of borrowed payments and it's the

2   intent essentially to keep borrowers in debt longer by not

3   applying the payments properly either in that case or in this

4   case by applying it so that it favors the continued accrual of

5   interest as opposed to the earlier --

6            THE COURT: The real question for this is in terms of

7   the efficiency of a disposition of these matters.  Should I

8   visit this upon another judge, the Reynolds case or is it

9   better and more expeditious and more efficient for me to keep

10  the case, the Reynolds case which is said by the plaintiff

11  they're to be related myself and dispose of two at one time or

12  two simultaneously -- handle both cases simultaneously.

13           MR. LENCI: I have no objection to Your Honor hearing

14  both cases.  I'm just pointing out to Your Honor why I think

15  they're different cases.

16           THE COURT: I asked you the question, Mr. Lenci.  So

17  I appreciate your response.  I also appreciate Mr. Eagel's

18  response.

19           MR. LENCI: I'm sorry.  What I'm saying, Your Honor,

20  is that I don't think they're related but that said if Your

21  Honor wanted to accept the Reynolds case I'm certainly not

22  going to pose any objection.

23           THE COURT: Okay.

24           MR. LENCI: That's --

25           THE COURT: I've got one of my law clerks looking in.

10

1   So I'll let you know one way or the other.

2           MR. EAGEL: Thank you, Your Honor.  I wanted to raise

3   one other issue with the Court and it's an issue that arose

4   that I just learned about really upon -- when I got back.

5   Which is -- it may be something that counsel for the defendant

6   can clear up here this morning because when we originally

7   commenced the action there was some -- counsel for defendant

8   said that we had sued Affiliated Computer Services, Inc. and

9   that the proper defendant should be Xerox Education Services,

10  Inc.  That was set forth in the original answer that was filed

11  in response to the complaint.  But today -- I guess this was

12  last week.  We did a check on Xerox Education Services, Inc.,

13  and we had done a check before we filed our amended complaint

14  and we did a check and apparently Xerox Education Services,

15  Inc. is listed as having been terminated on February 4, 2013.

16  We filed our amended complaint on February 1, 2013.  So we

17  were sort of -- again, we changed the name to Xerox

18  Educational Services because that was represented in the

19  answer to the amended complaint as being the entity that was

20  the proper entity, the entity that was servicing the loan and

21  at the same time we did discovery that there was an entity

22  known as Xerox Education Services LLC that was formed on

23  February 4, 2013 that is now active.  It may be that counsel

24  for defendants can clarify it.  It may be that we may just

25  have an LLC rather than an Inc. or at least the Inc.'s assets

1 were transferred to the LLC.  But Your Honor stayed some

2 discovery here on the issue of -- I'd like counsel for the

3 defendants having represented in his answer that it was --

4 that Inc. was the proper defendant and servicer that now all

5 of a sudden we see that the company that we were -- have

6 identified has been terminated as of --

7          THE COURT: Mr. Lenci, can you help us out here?

8          MR. LENCI: I can't, Your Honor.  This is news to me.

9 I'm not -- I'd like to see what we have and maybe there was a

10 misunderstanding.  I don't know.  This is out of the blue for

11 me.

12          THE COURT: I think, Mr. Eagel, you ought to meet and

13 confer.

14          MR. EAGEL: Absolutely.

15          THE COURT: Obviously you want the right party.  I

16 know Mr. Lenci will cooperate with that.

17          MR. LENCI: Mr. Lenci will absolutely cooperate and I

18 will go back and call my client as soon as I get back to the

19 office.

20          THE COURT: Okay.  You're entitled to that

21 information.  So make sure you get it.

22          MR. LENCI: I will not dispute that, Your Honor.

23 Honestly, Your Honor, it's news to me.

24          THE COURT: Okay.

25          MR. EAGEL: Thank you, Your Honor.

12

1          THE COURT: There you go.

2          MR. EAGEL: I will meet with Mr. Lenci as soon as

3     we're finished.

4          THE COURT: Thank you very much.

5          MR. EAGEL:  I guess the last point was the civil

6     case management plan.

7          THE COURT: I'm not going to sign the civil case

8     management plan.  I'll do that when I dispose of the motion

9     but in the meantime I want you adhere to what we agreed that

10    you do.  Make the initial disclosures under Rule 26.

11         MR. EAGEL: Thank you, Your Honor.

12         THE COURT: Thank you very much.

13         MR. LENCI: Thank you, Your Honor.

14                    * * * * *

15

16

17

18

19

20

21

22

23

24

25

13

1        I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                         _____

6                                      Shari Riemer

7   Dated:   February 27, 2013

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25