**BRAGAR EAGEL & SQUIRE, P.C.**
ATTORNEYS AT LAW
885 THIRD AVENUE, SUITE 3040
NEW YORK, NEW YORK 10022
(212) 308-5858
FACSIMILE: (212) 486-0462

October 24, 2013

LAWRENCE P. EAGEL

WRITER'S DIRECT FAX: (212) 504-3260
E-MAIL: eagel@bespc.com

**By ECF**

Honorable Paul A. Crotty, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Breitman v. Xerox Education Services, LLC;*
              Case No. 12-cv-6583 (PAC);

              *Shirvani v. Xerox Education Services, LLC*
              Case No. 13-cv-7295

Dear Judge Crotty:

      We represent plaintiffs Cindy Breitman in the matter *Breitman v. Xerox Education, LLC* ("*Breitman*"), and Sadaf Shirvani in the matter *Shirvani v. Xerox Education, LLC* ("*Shirvani*").

      We write in opposition to the letter submitted [Dkt. No. 42] by counsel for defendants in both matters, Xerox Education Services, LLC ("Xerox") and U.S. Bank, N.A. ("U.S. Bank") (collectively, "Defendants") opposing the assignment of the recently filed *Shirvani* case to Your Honor on the grounds that the new case is not related to the *Breitman* case. Defendants also request that, if the Court accepts the assignment of *Shirvani*, the Court schedule a pre-motion conference "pertaining to a motion to transfer both cases to the Northern District."

      As set forth below, the Court should accept the assignment of *Shirvani* as a "related case" to *Breitman* under RDB 13. Plaintiff requests that the two cases be consolidated and/or coordinated before this Court, and that any request to transfer the case be denied.

*Shirvani* and *Breitman* Are Related

      The Southern District Civil Cover Sheet obligates plaintiff's counsel to identify a claim that is related to another civil case pending in the S.D.N.Y. Rule 13(c) of the Rules for the Division of Business Among District Judges ("RDB"), provides in relevant part, "[w]hen a civil case is filed or removed, the person filing or removing shall disclose on form JSC44C any contention of relatedness." Rule 13(a) provides:

BRAGAR EAGEL & SQUIRE, P.C.

Honorable Paul A. Crotty, U.S.D.J.
October 24, 2013
Page 2 of 3

> Subject to the limitations set forth below, a civil case will be deemed related to one or more civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interest of just and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

Clearly, plaintiff's counsel properly identified *Shirvani* as related to *Breitman*. *See also* Local Civil Rule 1.6(a). The two cases involve similar (if not identical) claims against the same two defendants (Xerox and U.S. Bank), and allege the same type of wrongdoing by these Defendants concerning the *CheckMate II* auto-debit payment program. The cases both assert putative class actions on behalf of similarly situated student loan borrowers, and assert claims for breach of contract and violations of N.Y. G.B.L. Section 349, claims that this Court has already reviewed and sustained in the Court's September 27, 2013 decision denying in part Defendants' motion to dismiss the *Breitman* Complaint [Dkt. No. 37].

Defendants argue that the similarities between the two pleadings are "superficial," and the cases are unrelated. Suffice it to say, we disagree. One has to ask why wouldn't it be more efficient for pre-trial proceedings in these two cases to be coordinated or consolidated? What prejudice could there be if this Court accepts the assignment as related, and the two cases involving essentially the same claims against the same Defendants proceed before the same judge? In fact, other than identifying purported dissimilarities, defendants do not make any arguments regarding why the cases are not related as that term is defined in Rule 13.

<u>*Shirvani* Should Be Coordinated/Consolidated With *Breitman*</u>

With respect to Defendants' request for a pre-motion conference to address the transfer of the *Shirvani* case and the *Breitman* case to the Northern District of New York if the Court accepts the assignment as related, the Court should deny the request. Rather than transfer *Shirvani*, the Court should, pursuant to Federal Rule of Civil Procedure 42, consolidate or coordinate the case with *Breitman* in connection with further proceedings. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("The trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." (citations omitted))

Defendants' reliance on the court's decision in *Reynolds* is misplaced. Unlike the plaintiff in *Reynolds*, plaintiff Cindy Breitman lives in the metropolitan area and works in New York City. As such, she has a strong connection to this forum, and her choice of forum should

BRAGAR EAGEL & SQUIRE, P.C.

Honorable Paul A. Crotty, U.S.D.J.
October 24, 2013
Page 3 of 3

control.   Given the many common questions of law and fact, the Court should accept *Shirvani* as related, and order the case coordinated and/or consolidated with *Breitman*.

      I am available at the Court's convenience should Your Honor have any questions.

                        Respectfully submitted,

                        Lawrence P. Eagel

cc: Edward Lenci, Esq. (by email)