```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 14, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Cindy L. Breitman, *on behalf of herself and all others similarly situated,*

                    Plaintiff,

  - against -

Affiliated Computer Services, Inc., et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12 Civ.06583 (PAC)

<u>ORDER DECLARING CASE
ELIGIBLE FOR MEDIATION</u>

To The Clerk of Court:

1. Pursuant to the Civil Justice Expense and Delay Reduction Plan this case has been determined to be:

   \_\_\_\_ A. Not eligible for mediation because the case is:
       \_\_\_ i. Not a case in which money damages only have been sought.
       \_\_\_ ii. A social security case.
       \_\_\_ iii. A tax matter.
       \_\_\_ iv. A Pro Se case
       \_\_\_ v. A prisoner's civil rights case.
       \_\_\_ vi. A White Plains case.

\_\_\_ B. Not eligible for mediation as otherwise determined by the Court.

\_\_\_ C. Eligible for mediation subject to the limitations and restrictions noted below.

If the case has been determined eligible for mediation:

    **<u>X</u> i. All issues are eligible**
    \_\_\_ ii. Only Specific issues(s) is/are eligible (site issues)

    The entire mediation process is confidential. The parties and the Mediator may not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree. The identity of the mediator is not to be disclosed even to the Court. However, persons authorized by the Court to administer or evaluate the mediation program may have access to information necessary to so administer or evaluate the program and parties. Counsel and Mediators may respond to confidential inquiries or surveys by said persons authorized by the Court to administer or evaluate the mediation program.

The mediation process shall be treated as a compromise negotiation for purposes of the Federal Rules of Evidence and state rules of evidence. The Mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process.

Any timetable set by the Court contained in a scheduling order or otherwise governing the completion of discovery, motion practice or trial date., etc. is to be strictly complied with and is in no way changed by the entry of the case into the Court's mediation program.

Dated: New York, New York
       March 14, 2014

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge



& CULBERTSON LLP

Edward K. Lenci
212-471-6212
elenci@hinshawlaw.com

March 11, 2014

**ATTORNEYS AT LAW**
800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

**VIA UPS**

Mediation Program Administrator
U.S. District of New York
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Breitman v. Xerox Education Services, LLC, et al., 12 cv 6583 (PAC) (FM)

Dear Sir or Madam:

I represent Defendants in this matter and am writing with the consent of Plaintiff's counsel to jointly request the appointment of a mediator in the above-referenced action.

The parties agreed to utilize the SDNY's mediation program once Defendants' initial document production was complete. We anticipate that that production will be complete in several weeks, and believe it would be helpful to begin the process of locating an appropriate mediator for this dispute.

The Amended Complaint in this action alleges a putative class action on behalf of student loan borrowers whose federal student loans were serviced by defendant Xerox Education Services, LLC. Plaintiff alleges that Defendants' auto-debit loan servicing system misapplies "prepayments" on loans and skips regular monthly payments when prepayments are made. Additionally, Plaintiff alleges that she was denied interest-rate reductions promised to borrowers who made a certain number of timely monthly payments. Defendants deny the allegations.

The parties believe it may be helpful for the mediator to have had experience with class actions and be familiar both with the manner in which loan repayments (more precisely, student loan repayments) should be processed and with incentives (e.g., a reduction of the borrower's interest rate) offered to borrowers who make a certain number of payments in a timely manner.

If you need additional information, please let us know. Thank you.

Sincerely,

HINSHAW & CULBERTSON LLP

Edward K. Lenci

EKL:jac

cc: Lawrence Eagel, Esq

130766076v1 0939387
Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Oregon  Rhode Island  Wisconsin