UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CINDY L. BREITMAN, on behalf of herself and all : others similarly situated,

        Plaintiff,

  - against -

XEROX EDUCATION SERVICES, LLC, s/h/i as AFFILIATED COMPUTER SERVICES, INC., NEXTSTUDENT, INC., AND U.S. BANK, N.A.

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 22, 2014

12 Civ. 6583 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

The facts of this case are fully set forth in *Breitman v. Xerox Education Services, LLC*, 2013 WL 5420532 (S.D.N.Y. Sept. 27, 2013). Lead Plaintiff Cindy Breitman ("Breitman" or "Plaintiff") alleges that Xerox Education Services, LLC, NextStudent, Inc., and U.S. Bank, N.A. (collectively, "Defendants") misapplied payments which Breitman made towards her student loan and failed to apply certain benefits to which Breitman was entitled. Following this Court's Opinion and Order of September 27, 2013, Plaintiff has claims for breach of contract and violations of N.Y. General Business Law section 349.

Breitman now moves to certify the following two classes:

The Checkmate II Class: On behalf of federal student loan borrowers enrolled in defendant Xerox Education Services, LLC's ("Xerox") auto-debit payment program *CheckMate II*, or any similar auto-debit payment program offered by Xerox, and who, since August 28, 2006, made payments in excess of the stated monthly amount due (i.e. payments other than the regular installment) ("Prepayments") to their loans and had those Prepayments applied to satisfy (in whole or in part) subsequent installments or prevent the next month's auto-debit.

The Benefits Class: On behalf of federal student loan borrowers who were, since August 28, 2006, promised and qualified for borrower benefits applicable to their loans serviced by Xerox, such as the On-Time Payment Benefit (1% rate reduction after "only" 36 consecutive on-time payments) and Grace Period Benefit (.375% rate reduction to the

1

"grace period rate" after 6 months of consecutive on-time payments), but for whom Xerox failed to apply the earned benefit to decrease as promised the borrowers' loans (Dkt. 57, at 1-2). The Benefits Class is pursuing claims for breach of contract only, while the Checkmate II Class is pursuing both breach of contract claims and violations of N.Y. General Business Law section 349. Breitman seeks to certify these classes for both damages and injunctive relief under Rule 23(b)(3) and Rule 23(b)(2).

Breitman also moves to appoint herself Class Representative for both classes and to appoint Bragar Eagel & Squire, P.C. ("BES") as counsel to the Classes. For the reasons that follow, Breitman's motion for class certification is denied, mooting the motion to appoint a Class Representative and Class Counsel.

## DISCUSSION

### I. Standards for Class Certification

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a)," *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201 (2d Cir. 2008), namely that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "The requirements of commonality, typicality, and adequacy of representation are closely related." *In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 233 (S.D.N.Y. 2012). They "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly

and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

If the requirements of Rule 23(a) are met, the court "may then consider granting class certification [under Rule 23(b)(3)] where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Teamsters*, 546 F.3d at 202.

A class may be certified under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." A Rule 23(b)(2) class is appropriate only when "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011). Individualized monetary claims are inappropriate in a class certified under Rule 23(b)(2). *Id.* at 2558-59; *accord Janes v. Triborough Bridge and Tunnel Auth.*, 2011 WL 10885430, at *5 (S.D.N.Y. Oct. 5, 2011).

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). A district court must conduct a "rigorous analysis" to make that determination. *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 33 & n.3 (2d Cir. 2006) (quoting *Falcon*, 457 U.S. at 161 (1982)). Nonetheless, it has "broad discretion" in doing so. *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 165 (2d Cir. 2012).

II.   **Analysis**

   A. **Standing**

Defendants argue that Plaintiff lacks standing to represent both classes. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification ("Def. Mem."), at 9-10, 13. Defendants contend that Plaintiff does not have standing to represent the Benefits Class because she was ineligible for benefits and therefore "does not fit within her own class definition"; and that she lacks standing to represent the Checkmate II class because she withdrew from Checkmate II for five months and because she did not provide written instructions regarding her extra payments until November 2011.

A plaintiff has standing on behalf of a putative class "if he plausibly alleges (1) that he personally suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA*, 693 F.3d at 162 (internal quotation marks and citation omitted). With respect to both classes, Defendants have failed to show how these factual differences impacts Plaintiff's standing. Plaintiff has plausibly alleged that she and other putative class members suffered an injury arising out of the failure to apply benefits and the failure to apply prepayments, and has alleged a common set of concerns between Plaintiff and the putative class. Defendants' arguments regarding these differences may have bearing on Plaintiff's ability to represent these classes with respect to other Rule 23 requirements, but are insufficient to destroy standing.

4

### B. Rule 23(a) Requirements

#### 1. Numerosity

A class of more than 40 members presumptively satisfies the numerosity requirement of Rule 23(a). *See Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *12 (S.D.N.Y. Sept. 29, 2006). Plaintiffs assert that "Xerox is one of the nation's largest (if not the largest) student loan servicers. *CheckMate* II is a repayment program widely offered to borrowers whose loans are serviced by Xerox." Plaintiff's Memorandum of Law in Support of Motion for Class Certification ("Pl. Mem."), at 11. Indeed there may be over 40,000 borrowers participating in the Checkmate II program, and over 12,000 borrowers who may have been eligible to participate in the On-Time Payment Benefit program. Defendants do not dispute that Plaintiff has met the numerosity requirement.

#### 2. Commonality

"Commonality is satisfied where a single issue of law or fact is common to the class." *In re IndyMac*, 286 F.R.D. at 233 (citing *Wal-Mart*, 131 S. Ct. at 2256 ("[E]ven a single common question will do.")). Nonetheless, class certification requires not only "common questions," but "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 131 S. Ct. at 2551.

Here, the common thread among putative Benefits Class members is "whether Xerox breached the relevant form contracts by failing to apply earned borrower benefits." Pl. Mem. at 21. A classwide proceeding on this allegation would produce common answers to this question. For these reasons, Plaintiff has adequately shown commonality among Benefits Class members. Similarly, despite Defendants' assertion that Plaintiff's circumstances with respect to her participation in Checkmate II are unique, the Checkmate II Class shares common questions.

These questions include whether skipping auto-debits after a prepayment constitutes a breach of contract or a violation of General Business Law section 349. That Plaintiff herself had "unique communications with [Defendants] concerning her individual intentions with respect to the application of her prepayments," Def. Mem. at 14, does not destroy this common thread.

Accordingly, both classes satisfy the commonality requirement.

### 3. Typicality

Typicality "is satisfied where 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *In re IndyMac*, 286 F.R.D. at 233 (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). Courts have stated that this is "not [a] demanding" requirement. *See, e.g., Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 283 F.R.D. 199, 208 (S.D.N.Y. 2012); *In re Prestige Brands Holdings, Inc. Sec. Litig.*, 2007 WL 2585088, at *3 (S.D.N.Y. Sept. 5, 2007). Thus, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993).

With respect to the Benefits Class, Defendants argue that because Plaintiff is subject to unique defenses concerning her eligibility for the relevant benefits, her claims are not typical of the class. Def. Mem. at 11. Defendants' argument fails, however, in light of the evidence put forth by Plaintiff that 92% of the borrowers who did not receive the on-time payment benefit were disqualified for missing one of their first six payments. Plaintiff's Reply Memorandum of Law in Further Support of Motion for Class Certification, at 10; Declaration of Justin Kuehn in

6

Support of Motion for Class Certification, at Ex. O. Defendants have not overcome Plaintiff's showing that these defenses would not be unique to her situation.

The claims of the entire Checkmate II Class arise from the same course of conduct in which Defendants allegedly failed to allow prepayments without advancing monthly payments to slow repayment of loans and increase the amount of interest paid. Here, Plaintiff has shown that her claims and those of the putative classes concern the same conduct and is premised upon the same legal theories. As a result, she has met the typicality requirement.

### 4. Adequate Representation

"Generally, adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa*, 222 F.3d at 60. In addition, "[a] class representative must . . . possess the same interest and suffer the same injury as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

Defendants assert that Plaintiff is an inadequate class representative because she made "misstatements concerning material facts that go to the core of her class claims, and even her [Amended Complaint] is not free of them." Def. Mem. at 22. Defendants have not shown that the statements at issue, some of which have since been corrected in the Amended Complaint, are the product of lies or subterfuge; instead, they appear to be the result of mere confusion or lack of memory regarding the precise details of a complicated transaction. Breitman appeared honest and competent in her deposition, has displayed a willingness to participate in the litigation, and seeks to protect the interests of the classes. For these reasons, she is an adequate class representative.

Accordingly, Plaintiff has met the requirements of Rule 23(a) for both the Benefits Class and the Checkmate II Class.

### C. Predominance of Common Questions under Rule 23(b)(3)

"The predominance criterion is, in effect, a stricter version of the commonality requirement of Rule 23(a)(2)." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 89 (S.D.N.Y. 2001). "To satisfy the predominance prong of Rule 23(b)(3), a plaintiff must show that common proof will predominate at trial with respect to the essential elements of liability of the underlying causes of action." *Kottler v. Deutsche Bank AG*, 2010 WL 1221809, at *3 (S.D.N.Y. Mar. 29, 2010). Courts have a "duty to take a close look at whether common questions predominate over individual ones." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Defendants do not reach the requirements of Rule 23(b)(3) in their opposition to Plaintiff's certification of the Benefits Class, as they believe Plaintiff fails to satisfy the Rule 23(a) requirements. The Court finds, however, that Defendants' arguments against Rule 23(a) certification for both classes apply with greater force to the Rule 23(b)(3) requirements and, indeed, demonstrate that neither class can be certified.

Plaintiff cannot show that common issues in the Benefits Class predominate over individual questions. The threshold question of eligibility for the relevant benefits requires individualized inquiries regarding putative class members' paying or failing to pay on time and the circumstances surrounding each payment. Besides showing that a large percentage of putative class members missed one of the first six payments, Plaintiff has not demonstrated an ability to prove on a classwide basis that this was due to a common policy, without necessitating individualized inquiries. Defendants would certainly be entitled at trial to prove that each class

member was at fault for missing a payment and therefore ineligible for these benefits, through no policy or involvement of the Defendants.

A similar issue burdens the Checkmate II Class in several respects. First, individualized inquiries would be necessary to determine which class members provided instructions regarding prepayments, which class members sought to advance their next due date, and which set of contract terms applied to each class member. With respect to damages, Defendants argue that putative class members differ from Plaintiff because they may not share Plaintiff's intention for additional payments being applied to principal and not advancing a regular monthly payment. Defendants have offered a plausible argument that some borrowers seek to advance their due dates in various circumstances, such as those serving in the military, with seasonal earnings or inconsistent income streams, or on extended travel. Def. Mem. at 7. Such differences implicate class members' entitlement to damages, and would necessitate individualized inquiries into each members' intentions.

Rather than common issues predominating, here individualized inquiries would predominate with regard to both classes. Accordingly, certification under Rule 23(b)(3) is improper.

### D. Rule 23(b)(2) Certification

As discussed above, Plaintiff seeks to certify both classes for injunctive relief under Rule 23(b)(2). Plaintiff asserts that the "*CheckMate II* Class qualifies as a class action[] under Rule 23(b)(2) because Xerox's uniform failure to adhere to the form *CheckMate II* terms and conditions and systematic deceptive business practices are actions of general applicability to all members of the *CheckMate II* class 'so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" Pl. Mem. at 16. Likewise, Plaintiff states

that the "Benefits Class qualifies as a class action[] under Rule 23(b)(2) because Xerox's alleged common pattern of wrongdoing to fail to apply borrower benefits to slow repayment of student loans, and thereby increase total interest paid by borrowers, is an action of general applicability to all members of the Benefits Class." *Id.* at 21.

Rule 23(b)(2) certification of the Checkmate II Class is improper. As discussed above, not all users of Checkmate II intended for prepayments to be used in the way Plaintiff now seeks. Some putative class members sought to advance their next due date for a multitude of reasons, and injunctive relief, if granted, would hinder those class members' ability to do so. This difference is substantial, and Plaintiff cannot show that injunctive relief would be appropriate respecting the class as a whole.

With respect to both the Benefits Class and the Checkmate II Class, Plaintiff has not shown that the monetary relief sought is incidental to the requested injunctive or declaratory relief. Certification under Rule 23(b)(2) is improper "'when—despite the suitability of generalized injunctive or declaratory relief—each class member would [also] be entitled to an individualized award of monetary damages.'" *Ackerman v. Coca-Cola Co.*, 2013 WL 7044866, at *16 (E.D.N.Y. July 18, 2013) (quoting *Nationwide Life Ins. Co. v. Haddock*, 460 F. App'x 26, 29 (2d Cir. 2012)). Here, class members seek monetary damages in addition to the injunctive relief sought. These damages awards, if granted, would involve individual determinations to calculate the amount of damages for each class member.[1] Plaintiff has not shown that these

---

[1] Plaintiff argues that "damages can be calculated through the repayment histories maintained by Xerox" and that "*CheckMate II* Class members are entitled to the difference between the repayment cost of their loans and what the repayment cost would have been had *CheckMate II* auto-debits not been skipped." Reply Mem. at 8. Determining damages in this way requires "a review of each putative class member's file to assess whether the prepayment was applied to principal or interest, a determination of the new unpaid principal balance, a review of the new payment schedule, and then a quantification of that amount as a lump sum payment to each putative class member," with the added complication that the timing, amounts, and interest rates for payments differ for each putative class member, Def. Mem. at 21. These variations will cause "[q]uestions of individual damages calculations [to] inevitably overwhelm questions common to the class." *Comcast*, 133 S. Ct. at 1433.

monetary damages are merely incidental to the injunctive relief claims, and the crux of the complaint, that prepayments were misapplied in order to slow repayment of the loan and that financial benefits were improperly denied, concerns financial losses which Plaintiff seeks to have repaid.

Plaintiff now argues that "[a]t a minimum, a (b)(2) class should be certified to: (i) enjoin Xerox from altering the October 2013 change,[2] (ii) extend the October 2013 change to all *CheckMate II* borrowers, and (iii) compel Xerox to determine when and what instructions made by borrowers should be (or should have been) followed." Reply Mem. at 9. This suggestion, made for the first time in Plaintiff's Reply Brief, does not provide any information or specificity with respect to the efficacy or necessity of such certification.[3] Nor has Plaintiff shown that such relief would be appropriate respecting the class as a whole, or indeed that any putative class member besides Plaintiff would seek such specific and limited injunctive relief. As a result of this dearth of specificity and information, the Court cannot determine whether certification by means of the Court's authority under Rule 23(c)(4) to certify separate issues would be appropriate. This vague and conclusory suggestion must be rejected.

---

[2] The "October 2013 change" is a reference to an update regarding the Checkmate II program which provided that for borrowers who enrolled in Checkmate II after April 5, 2012, "if the customer makes an additional payment, regardless of the amount," the monthly auto-debit will continue to be withdrawn. Pl. Mem. at 4-5.
[3] The Court notes that the practice of raising an issue for the first time in reply papers is disfavored. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 168 (S.D.N.Y. 2014) (citing cases).

11

## CONCLUSION

Accordingly, the Court denies Plaintiff's class certification motion. This ruling moots Plaintiff's motion to appoint Class Counsel and Class Representative. The parties are directed to appear for a status conference on November 18, 2014, at 3:15 p.m. The Clerk of the Court is directed to close out the pending motion in this case (Dkt. 57).

Dated: New York, New York  
       October 22, 2014

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge